Number 161150, HSBC Bank USA, v. Donald Lassman, Chapter 7, Trustee. Thank you. Dean Giacomo, good morning. Yes, good morning. May I please have the faculty reserve three minutes for rebuttal, please? Yes, you may. The attorney in this case, which will prepare the mortgage, made a serious mistake. She included on the mortgage a certificate of acknowledgement that did not comply with Massachusetts law. And because that certificate was defective, the mortgage never should have been registered at the land court. And although it, in fact, was registered in the land court, Massachusetts law provides that it does not provide constructive notice of itself. And since it doesn't provide constructive notice of itself, the trustee, under the bankruptcy code, is permitted to avoid and presume that mortgage for the bankruptcy estate, which is exactly what the bankruptcy court held and why the bankruptcy court's decision should be upheld. So what's the material defect? Is it the absence of the word free act indeed? No, no, no. Go ahead. The exact language in acknowledgements of notary, it doesn't have to say free act indeed. It can say free act indeed. It can say voluntarily. Yeah, or it can say, indicate that she was happy to finally do this. Something that would indicate to me that the mortgagor, that it is the mortgagor who is voluntarily entering into this transaction. The problem here with this particular certificate of acknowledgement is it doesn't follow the statutory form. Again, it doesn't have to be exactly, but it is important that it indicates who is there, who is signing, and that the free act indeed is of the proper person. If that's the case, what's the problem? Because it says Andrew DeMoor and Maureen Doerr by their attorney, in fact, John Molloy, under power of attorney. Now, isn't what it is to be giving someone power of attorney to be voluntarily doing that? I mean, that would just be, you couldn't give someone, to say someone's doing something as a power of attorney, is to say I voluntarily allowed them to do that, right? Voluntarily entered into the power of attorney. Yeah, now that person who I voluntarily allowed to speak on my behalf is, of his own free will, doing this thing. Okay, so what is the reason to doubt that Andrew DeMoor and Maureen Doerr are having something done that they didn't want done? Because the statutory form, put just beside the form, what you said was we have to have some, the form doesn't control. What we need is some indication, an indication that the people who need to be showing that they did it voluntarily did so. And I guess what I don't fully understand is why don't these words suggest that Andrew DeMoor and Maureen Doerr wanted this to happen? Since the attestation is, I'm doing this as their power of attorney. Well, but that's not enough. Why not? Because you also have to say it is their free act indeed to enter into this transaction. The statutory form requires that it specifically indicate that the power of attorney, the statutory form is drafted for the use by the power of attorney. So everyone knows that a power of attorney is signed with it. But it indicates that you must say that it is the free act indeed, or voluntary act, of the vote of yours. Not of the power of attorney. Well, I understand the form says that, but also, Bill, if you don't comply with the form, you're not out. But you have to comply with the important parts of the form. Again, you can say free act indeed, you can say voluntary. Maybe I just don't understand. What is the point of requiring somebody who is acting and attesting that they're acting as power of attorney to say the very thing that it means to be acting as power of attorney, which is I'm acting on their behalf because they want me to? What's the point of that? Well, number one, that's what the statutory form noted in the form. Let me give you an example, if possible, trying to understand why the legislature made this requirement. Let's say I have an elderly aunt who is physically in tough shape. She owns a house, no mortgage on it. I decide I need some money, so I go to my aunt and say, listen, can I put a reverse mortgage on your house and take out $300,000 for me? And she says fine. And she signs a power of attorney allowing me to do that. The morning before the closing, she calls me up and says, listen, I've changed my mind. I don't want to do that anymore. But I still go to the closing. I present the power of attorney for reporting. I present affidavit saying it has not been revoked. It hasn't been revoked. But I also need to indicate that this is her voluntary act. And in my example, I know it's not her voluntary act. That's why at first glance it may seem redundant. But when you think about it and the fact that that's what the legislature required in the form, there are examples of situations where it isn't. Go ahead. Setting aside the form for a second, what's the statutory language about what has to be attested to? Do you follow? Yeah. Well, the statutes themselves don't give the language. It's the appendix. What's the words, the standard that they're requiring? What, let it be nulling or what? I think you go to the SJC's decision in McGuad. And in McGuad, the SJC indicated that the grantor must acknowledge that entering into the mortgage, in our case, is a free act indeed. And the certificate of acknowledgement must indicate that and be attached. So the idea is that because this is such an important thing to be giving away, essentially you read the statute to be suggesting we're supposed to look behind the power of attorney given what's being done here. We need an extra attestation beyond just the statement that I'm acting as power of attorney to prove that it really was the grantor who wanted this to happen. I don't think you have to look behind and understand what happened at the closing because we don't know what happened at the closing. It's very confusing. I think Judge Stearns thought that maybe the demurreys were there as well. Probably not, but that's what he thought. The fact is this mortgage is being presented to someone to be registered with the land court. And the person who is deciding to register this document, all they need to do is look at the certificate of acknowledgement and determine is this certificate of acknowledgement compliant with Massachusetts law? If it is, then it can be registered. If it isn't, it can't. And if it's registered even though it can't, it doesn't provide constructive evidence. I'm sorry, this all sounds like a classic form over substance type of argument. It really does. I mean, the logic of the argument is that the power of attorney just doesn't work. If you really want to avoid the kind of situation that you were describing, the grantors themselves, in this case the demurreys, they're the only ones who can attest to the fact that they are personally entering into this mortgage freely and voluntarily. They have to do it personally. The power of attorney is of no use. Well, the power of attorney is of use. In Massachusetts law, mortgages may be signed by attorneys-in-fact, and they may be acknowledged by attorneys-in-fact. But the acknowledgement must be that the power of attorney, the attorney-in-fact, says my entering into this transaction is the free acting deed of the mortgageors. We've all had things notarized before. Notary says, are you so-and-so? Yes. Is this your free acting deed? Yes. But when you use the power of attorney, the notary has to say, is this the free acting deed of the mortgageors? And if you say yes, and the certificate of acknowledgement says that, there's no problem. So what's the significance of the powers of attorney are attached to the certificate of acknowledgement, and I doubt I'll specifically contemplate this very transaction. Isn't that the case? No significance. I mean, there's no argument that this was executed by the attorney and that he had power of attorney. The problem is he has to, the certificate of acknowledgement has to indicate that when the acknowledgement was given to the notary, that the attorney said this is the free acting deed of the mortgageors. And if you read the certificate of acknowledgement here, it doesn't say that. And the statutory form requires that. The land court guidelines require that. This was a form that they just used the wrong form. Is there any other instance in Massachusetts law where we subject a power of attorney, the ability to act on behalf of the person who, there's no issue, to voluntarily allow them to act as power of attorney, to the further requirement that before they can act on behalf of that person, they have to separately say, and that person wants me to do this particular thing? I don't know. I don't know. You would think it would kind of got the utility of the idea of the power of attorney, if in every instance, the person exercising the power of attorney also has to separately attest that this particular thing is what they wanted me to do. In this particular situation, The general proposition has to be right, right? In the general proposition, I don't know whether there's other situations where more is required. A power of attorney, if properly drafted, allows an attorney to enter into certain transactions, do certain things for the beneficiaries of the power of attorney. Without separately having to say, and this particular thing that I'm now doing is something that I've separately checked with them and know they want me to do. But the legislature here does require that. And again, the sole basis for that, because the GWAT doesn't specifically say that, the sole basis for that is the form. The form. And the form, we know under the statute, needn't be fully complied with. Right? Not exactly. The form, word for word, does not have to be the same. Again, things like voluntary, free act, and deed, that type of thing. But there are some important parts of the certificate of acknowledgement. You've got to have the person, and you've got to say that it's free act and deed or voluntary. But that's something you can maybe fool around with the wording a little. But you can't just have any person, you know, it doesn't matter whether you're actually the person that signed it or not, or you have to say they indicated they signed it. Period. And there's nothing about free act and deed. You can't do that. So tell me specifically, what are the magic words that should have been added here? With the added name, what the certificate says is, personally appeared Andrew Nemour and Maureen Nemour by their attorney-in-fact, John G. Malloy, under power of attorney recorded herewith. I gather you're suggesting there, there should have been some. No, to go to the end of it. Proved to me through satisfactory evidence of identification, which were driver's license to be the person whose name is signed on the proceeding-attached document, and acknowledged to me that he signed it, that would be a reference to the attorney-in-fact, signed it voluntarily for its stated purpose. And he signed it as a voluntary act of the Nemours, which is what the statutory form requires. I'm out of time now. As far as there are plenty of other arguments, if this was defective that the bank raises, we make them in our briefs, and they basically track the district court's decision in Mombasi. Thank you. Good morning, Mr. Vanekis. Good morning, Your Honors. Jason Vanekis on behalf of HSBC Bank. I want to start just by talking a little bit about what the certificate of acknowledgment is. And I think there are some big questions by Justice Barron, which is, what's the problem? And Justice Lopez, which is, isn't this form over substance? In certain instances, this is form over substance, but there is a substantive requirement. And it's important, I think, to distinguish between the two concepts. A long time ago in our nation, when we established our registry of deeds, due to people who would swap land improperly, we established an obligation that is, between the parties, our contract was valid. So if I give Justice Barron a deed, as to the two of us, we have knowledge and it's effective as to us. But if I want to put the world on notice, I have to take that and do something else. I have to take it and go put it at the registry and record it. And because there's no proof of my signature that I actually am acknowledging that this is my free act and deed, there was a requirement that someone appear before a notary or a justice of the peace so that they could attest to that signature. And that's where this concept of a certificate of acknowledgment came from. And again, it's in our briefs, and I'll spare you some of the historical details of it. But the critical thing is that there are two distinct concepts that the SJC has, I think, distinguished very clearly. One is, has the grantor of a deed or a mortgage acknowledged that document? Is it that person's free act and deed? And in McQuarrie, the court has said, whether this certificate signed by a notary is facially valid or not, a person can always go challenge that. For example, a deed signed under duress, it appears to be fine, it's on record, but a person can challenge that and say, I was under duress. A forage deed, a person can challenge that. They challenge the actual acknowledgment. Is this the actual signature of the person? Did they intend to convey the property? So there are instances in Massachusetts law where someone, such as the trustee here, can go and attack the actual acknowledgment. And that's not what's being done here. That's the substantive issue. And in our brief, we talk a bit about the evidentiary issue. The evidentiary issue, as McQuarrie has confirmed, is the certificate, the notary simply saying, yes, this person appeared before me. That is ministerial. That is evidentiary. And in all of the Supreme Judicial Court cases, the court allows there, after a hearing, a trial on merits, or some evidentiary finding, the court will ultimately determine whether or not the person who signed that deed or mortgage intended to convey title. And I'm not disputing that that can be done in Massachusetts. And in fact, the Supreme Judicial Court, when they received certified questions in the Bank of America v. Casey case from this court just a few months ago, was talking about a 5B affidavit correcting an alleged defect. And I say alleged because that threshold issue wasn't certified to the Supreme Judicial Court. So they just assumed that there was a defect. And on that certificate, it was that they hadn't filled in the blank of the name of the mortgager. So they assumed it was a defect and analyzed it. And they said, a 5B affidavit, which doesn't apply here to registered land, can provide anything that is allegedly missing and correct it. But in their footnote, footnote 23, and I believe it's in our brief, they said that this doesn't mean, even though this affidavit would cure that purported defect, this doesn't mean that it still can't be attacked by the trustee. And what they're talking about, and when they cite to McQuad and Allen and the other cases in our brief from 150 years ago, 100 years ago, all of those cases allow a person to attack the acknowledgment. And we would agree here that the trustee, if they believed that this wasn't signed and intended to convey title, they could go through an evidentiary process and challenge that. I thought their argument was there's got to be a threshold of activity that is taken to make it an acknowledgment at all. And you have to agree to that. You can't just file a blank piece of paper, have a notary sign it, and say I've now got my acknowledgment. If you'd like to attack it evidentiary, you could. There would just be no acknowledgment. Correct? I'm not sure I understood the question. The question is, suppose I go in, I say here's my certificate of acknowledgment. It's a blank piece of paper. I hand it to the notary. He signs it off. I now go in and say, well, I did what I had to do. I filed my certificate of acknowledgment. You can say, well, you can attack that as an evidentiary matter. I think their argument, there was no certificate of acknowledgment because you've got to comply with some basics to even count as having one. I understand, Justice Barron. I think at the beginning of your question, the phrases confused me a bit. And what I mean by that is whether a document was acknowledged relates to the acts of the grantor in executing that document as their free act indeed. There's no dispute here, and they've conceded that for purposes of this argument in this case, that there's no dispute that Mr. Malloy up here and executed the document under his power of attorney. There's no dispute that it was in fact acknowledged. They then dispute the second part, which is that the notary's certificate saying that that was done is patently defective because there's an ambiguity as to whether he signed it on his own behalf or as a representative of the grantor. Maybe my hypotheticals was off in one step. The same point, I think, applies to the second step, which is the notary's certificate. It's got to be something. It's got to count. It's got to have certain things to even count as a certificate before you get to the evidentiary challenge of it. So if I had an acknowledged mortgage with the signature of the grantor or the mortgage owner on it, but it had no certificate from the notary, and it was put on record, that I think is the example you're giving. At that point, I would still argue that it's constructive notice until it is struck from the registry. An example, if I may. My apologies. Just before you get to the constructive notice point, I guess I just want to know, you only need to get to constructive notice if the certificate from the notary isn't good enough on its own. I thought you were arguing this document, signed by, which says that it hasn't been just read out, is fine. That is our position. This document is fine. So he's, and I understand the American argument, even if it's not fine, you win. That's also an argument. Okay, but I want to understand why this argument, this document, is fine. They're saying it's not fine because it's missing key words, because it says, as acknowledged to me, that he, she signed it voluntarily, and that he, she, given the way this thing is written, refers to the attorney, in fact, rather than to the grantors. I understand that argument. Okay, and so before we get to constructive notice or anything else, you seem to be saying it does not need to say anything other than it said it needed to be perfectly good. That's correct. Okay, why? We believe this document, in the first instance, in the first instance, is not ambiguous. We believe it is clear that the person who appeared before the notary was Mr. Molloy as the attorney, in fact, as the pile of attorney. He has signed every page in that regard. It references the pile of attorney in its record notations at the registry. The bottom of the certificate of acknowledgement itself is executed by Mr. Molloy, and he puts in the name of A.D. for Andrew DeMoor by his initials as attorney, in fact, under the pile of attorney recorded herewith. It is very clear that Andrew and Maureen DeMoor appeared before the notary by their attorney, in fact, Mr. Molloy. The fact that, subsequent to that, he says he signed it voluntarily, we don't believe you need to add the words as the act of the DeMors. We believe that is subsumed within all of the rest. It is what the pile of attorney is. So then why does the statutory form seem to contemplate that extra statement, even for certificates like this that are being filed or signed off on by piles of attorney? Certainly. The statutory form does give a proper form, and it has that language. That's what I don't understand. Why did you have this legislator that took the time to say, here's the form that we'd like you to use, and it's a perfectly logical argument you're making, since it's the power of attorney, there's no need to say more than I'm here as the power of attorney, and yet the statutory form, I think, is just indisputable, seems to contemplate you're supposed to say more. So the legislator must have been thinking something, let's say, just screwed up. What's this? I don't believe they screwed up. So the legislator was making that the form. Sure. They were clear, the legislature and the courts have been clear, that there's no specific form that you must use. I understand, but they actually wrote out a form and they put it in the statute books. Correct. Why would they have wanted that extra statement in their model form? Well, I think there are two responses. First, I think the critical language they wanted was to show it was the voluntary act of a party signing. In the principal scenario, there were two parts, that you should sign it in the name of the person you're signing for as their attorney. There's also another form you could sign it in your name as attorney for. So there are different variations of that. And at the end of the certificate acknowledgement in the forms to the appendix, it does say, signed it as the free act, indeed, of the person I'm representing. I understand that distinction. I don't believe that makes this defective, and I don't believe it affects the other arguments in this case. The legislature also adopted an executive order. It's not the subject of this particular case, but in that instance, there's an executive order that also provides forms. And those forms actually provide, then, in a representative scenario, that this language would be fine. Now, I raise that for the issue of, why would the legislature adopt a form under the executive orders to what notaries are supposed to use for their signatory blocks, if it's different than the appendix? The executive form is not by the legislature, is it? I'm sorry, it's by the governor. Right. That's correct. So they just thought it was a bad idea to do it that way. I still don't really understand. Is there any account you can give, other than that the legislature screwed up, given what you say about what power of attorney means, as to why their model form seems to contemplate that the power of attorney statement itself is not enough? I don't believe they screwed up, but I can't point to anything. Counsel, let me ask you, this notion of firm over substance, what I have in mind is this. I mean, the trustee, given the documents that we have here, is certainly on notice that there's probably a perfectly good mortgage on this property, and with a minimum examination could confirm that fact. I mean, under these circumstances, to be able to basically invalidate this mortgage seems absurd. I mean, I gather even if we were not to accept your proposition that this certificate of acknowledgment is fine, there's no material defect, you would argue that, at a minimum, the trustee has gone on inquiring notice that would require the trustee to confirm what the true facts are? Yes, Your Honor. We do believe it's absurd, and I'll speak briefly as to some of the other arguments. Assuming that there's an ambiguity in the certificate of acknowledgment, it's easily resolved by reference to the other record documents. You go to the power of attorney, you go to the affidavit of the power of attorney, they are very clear who the attorney was, what he was authorized to do, a reference to the specific lender, the amount of the loan, that he's authorized to not only execute all documents, but to acknowledge them. So we believe that even if there is an ambiguity, you can go look to those other documents and it clarifies it. No different than the Supreme Judicial Court just said was okay in Bank of America v. Casey. There was a purported defect, which they didn't address the substance of, and someone recorded a 5B affidavit that said, no, this is the person who appeared. Although the trustees have argued that if there's a defect in the document, it becomes a nullity. It's outside the chain of title. The Supreme Judicial Court said, we disagree. We disagree. That you can provide missing information to the extent it's required. That you can look to that other documents, things outside of that specific document. So we believe in this instance, by simply looking at the other documents, anyone would be on notice that there was a mortgage here. And does that, if there is some alliance on the doctrine of, we're not even talking about constructive notice, we're talking about inquiry notice, which is something different. Does that somehow threaten the integrity of the whole recording system? If you replace that burden on a trustee, who I gather is in a position akin to a sort of third-party purchaser, does that somehow threaten the integrity of the recording system? It's actually to the contrary, Your Honor. In this particular case, and we haven't talked about it, we're talking about registered land under the TORIN system, as it's called here in Massachusetts. This is very different than recorded land. And even in that system, the Supreme Judicial Court in Jackson has said that people are on inquiry notice of things that are in the registration system. And briefly to that point, Your Honors, we have registered land here. The whole concept of this is that a party goes to the land court. They're not on the recorded side at all. They go through a registration process to confirm that they own the property. That results in a certificate of title. That certificate of title is insured by Massachusetts. It is conclusive as to all matters thereon. And it has with it a memoranda of encumbrances that list the encumbrances to that property. If a party then goes out and conveys that property, in order to give that deed effect or that mortgage effect, the act that is critical is registration of it. The party goes to the land court, the assistant recorder, and they present them with a new deed transferring that property or mortgage, say, deed or mortgage. The assistant recorder reviews it and determines whether or not it becomes part of that certificate of title or the transfer certificate of title. The SJC has said that they should be treated the same. The transfer certificate of title is certificate of title. That they are conclusive to matters on it. So when we look at this case, we have a certificate of title, much different than recorded land, that you can look and you can see the powers of attorney. You can see the affidavit of the power of attorney. You can see the mortgage. It's actually listed there. And if I just may finish this comment, Your Honor. You may finish. Thank you. It's listed on the certificate of title. In fact, in Massachusetts, General Laws, Chapter 93, Section 7, requires an attorney to certify the state of title in a purchase money mortgage situation. For recorded land, that attorney has to go back and do a 50-year title search to the last deed. In registered land, that is not how titles work. That is not how they're searched. And the statute in Massachusetts allows the attorney to simply go back to the last certificate of title of the last owner, pull it, look at the certificate of title, which is in our appendix, look at the memorandum of encumbrances, and rely on it. To the extent that a party can go behind that certificate of title and say, I see the mortgage on it. I see it here. I see all the other documents that talk about this transaction, but I'm going to turn a blind eye, was not only dispelled by Jackson v. Nod, but it would turn the registration system on its head. It would allow someone to say, well, that deed, even though the land court accepted it, that deed can't convey title. I can go back and challenge that and destroy that transfer certificate of title, that deed, and look behind it. It would have drastic implications on registered land in Massachusetts. And I understand my time's up, but I would be remiss in not saying that those very issues, we represent another lender before this court, in In re Ambezira. It's referenced in the briefs. In re Ambezira is currently on appeal to the First Circuit Court of Appeals. It is docket number 16-1465. Recently, briefs were submitted by the appellant in that case, our office, along with a motion to certify. I'm not saying that that case should be part of this, but to bring to the court's attention, those same issues are present there. A defect with the omission of a mortgager's name, registered land, whether it can provide constructive notice because it's on the certificate of title, and the impact it would have to the registration process if this court were to allow a trustee to go beyond and look behind what is on that transfer certificate. So we believe because of those alternate theories that inquiry notice and actual notice from the certificate would also preclude the trustee here from avoiding this mortgage. We think it also would be a very unjust result. And we would ask that the decision of the district court be upheld and the decision of the bankruptcy court be reversed. Certainly, your own question just takes, I think, back to where you wanted to start us with, which is I'm just trying to figure out, given this point, which seems to have a lot of force, what the significance in your view of this document that we're disputing then is. So in other words, what you seem to be saying is given all this other stuff that's out there, this document couldn't possibly be a problem if it was defective because you'd otherwise know it. And then I suppose if you didn't have any of that other stuff, this document wouldn't be sufficient. Or would it be? The first part of your question, the answer is yes. Because it's on the certificate of title, because there's other references that would cure any ambiguity on the certificate of title, we believe that this document is largely irrelevant to the extent that it is. Right, so I'm just sort of wondering what's the – they seem to have gone to a lot of trouble having people fill out this document and create it. So I'm just trying to figure out what work this document does. It must be doing work in a case in which some of that other stuff isn't present. But I'm a little bit skeptical that if that other stuff wasn't present, this document alone could suffice to have us overlook all that other stuff. Certainly, Your Honor. Two points, I'll try to be very brief. The first one is that this whole concept of certificates of acknowledgement was designed to prevent fraud. That was the whole point, which is how do we know that you actually signed this document? Hey, let's put you before a notary, and that's some assurance. You can go attack it, but this is just ministerial, so we don't believe it matters. The second point is I submit a brief to the First Circuit Court of Appeals. The clerk of courts reviews that brief, and it determines whether or not I've complied, whether it has my certificate under Rule 32, whether it's okay. And they decide as the gatekeeper whether that brief can be submitted to the court or not. Sometimes they would reject it and say, you don't have your 32A certificate. Please fill one out. We're not going to accept it until you do. Sometimes a clerk may look through it and think it's fine, but it may have some technical thing. Maybe the footnotes aren't right or citations are off, but the court accepts it for filing. In that case, if the clerk accepts it for filing, it's then filed, and the opposing counsel knows it's been filed and they're on the clock. If they believe there's a defect or problem with it, they can always bring it to the court's attention and seek an order. That's no different than the registration process. If you believe there's a problem, you can use Section 114 of the Registration Act, and you can go to court and challenge it. So once it is registered on the certificate of title, we believe that would end the inquiry here. And therefore, to answer the second part, yes, the certificate, once it's accepted, the form of it is irrelevant on the registered side, and to do otherwise would change how titles are searched on that side of the registry of deeds, the registered side. Thank you. Thank you. Mr. DiGiacomo? DiGiacomo, yes, sir. A couple points. First of all, in talking about the notice, the inquiry notice issue, you should understand that under Bankruptcy Code Section 544A3, the trustee steps into the shoes of a bona fide purchaser regardless of actual notice. So actual notice does not matter. Even if you have actual notice, it does not matter under the Bankruptcy Code. When we talk about the inquiry notice, this argument, as I think was indicated, has been rejected by Judge Talani in the M. Bezzera case, and there's a detailed discussion as to why, and we adopted it. It was well-reasoned. And basically what it comes down to is the argument is that because there is the powers of attorney, an assignment, the affidavits and so forth, assuming that the mortgage isn't there because it was defective, that you then can use the Jackson, so-called SAC Jackson exception, and that exception just provides that you can go and look other places in the registered land area to try to find a mortgage. So that's the inquiry notice. But the inquiry, you can look forever. You're not going to find this mortgage anywhere else on any other certificates of title because it's not there. It will lead you back to this certificate of title, but the mortgage isn't there because it was defective. These filings, these powers of attorneys and so forth cannot cure the defect. The defect is there. The mortgage should have been recorded, and because it was recorded, doesn't give constructive knowledge. The inquiry notice at best may get you to actual knowledge, because inquiry notice is just a corollary of actual or constructive here. It may get you actual notice, but as I just said, the bankruptcy code, so it wouldn't matter. And what we're looking at really is the statutory. Again, we talk about this in our brief. Section 185 of Massachusetts General Laws, I'm sorry, Chapter 185, Section 58 provides that any document that would affect title on the recorded side has the same effect on title in the registered side. So basically, it incorporates any statutes having to do with title on the recorded side into the registered side, and that would include Chapter 183, Sections 29 and 30, which talk about the requirement that there be an acknowledgement by the mortgagor and that the certificate of acknowledgement indicate that. So by doing that, you can in fact, even though it says registered land, you have the same rights you would if it was recorded. And we cite the Zona case, which is a Massachusetts Land Court case. They know something about all this. And in that case, they deal with registered land and recognize this principle and apply Chapters 183, Sections 29 and 30. There's one other point you want to indicate. You better be quick because you're over your time. You're indicating maybe the legislature screwed up, and maybe they did. But that's the law, and maybe it should be changed. But I don't think it's this Court's obligation to undertake that. Thank you. Thank you, Counsel. Thank you.